UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ENEIDA JOHNSON, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>  vs.<br><br>AMERICOLLECT, INC.,<br><br>        Defendant. | Case No.: 17-cv-1<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Eneida Johnson is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant Americollect Inc., ("Americollect") is a domestic corporation with its principal place of business located at 1851 S Alverno Rd., Manitowoc, WI 54220.

6. Americollect is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Americollect is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Americollect is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. Plaintiff entered into one or more consumer transactions with "ERMED S.C." ("ERMED"), or an affiliate or predecessor corporation.

9. Each consumer transaction was for personal medical services.

10. Further, each consumer transaction involved agreements to render services and defer payment. Plaintiff was never expected to pay at the time medical services were rendered. MCW mailed bills to Plaintiff at a later date.

11. On or about June 20, 2016, Americollect mailed a debt collection letter to Plaintiff. A copy of this letter is attached to this Complaint as Exhibit A.

12. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

13. Exhibit A includes the required 15 U.S.C. § 1692g(a) debt validation notice:

(a) **Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

2

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

14. Thus, Plaintiff had 30 days to dispute the debt and request verification of the original creditor's contact information from the date she received Exhibit A.

15. On or about June 21, 2016, Americollect mailed a second debt collection letter to Plaintiff. A copy of this letter is attached to this Complaint as Exhibit B.

16. Upon information and belief, Exhibit B is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

17. Exhibit B attempts to collect the same alleged debts as Exhibit A.

18. Exhibit B also includes the 15 U.S.C. § 1692g(a) notice.

19. Exhibit A and Exhibit B give conflicting deadlines.

20. The unsophisticated consumer would be confused by Exhibit A and Exhibit B in combination, as it is unclear whether the 15 U.S.C. § 1692g(a) validation and dispute period expiration date is controlled by Exhibit A or Exhibit B. \

21. Exhibit B also states:

> Previously you were sent a validation notice. Why haven't we heard from you?

22. The unsophisticated consumer would be confused by Exhibit B, which is dated one day after Exhibit A.

23. Exhibit A tells the consumer that she has 30 days to dispute the debt but Exhibit B asks why the consumer has not yet responded to the letter that was sent one day prior.

3

## COUNT I -- FDCPA

24. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

25. Exhibit A and Exhibit B contradict each other.

26. It is unclear whether the 15 U.S.C. § 1692g(a) validation and dispute period expiration date is controlled by Exhibit A or Exhibit B, which give conflicting deadlines to dispute the same debts.

27. Exhibit A also states that the consumer has 30 days to dispute the debt but Exhibit B demands a response one day later.

28. The unsophisticated consumer would be confused by these two letters in combination.

29. Plaintiff was confused by Exhibits A-B.

30. The unsophisticated consumer would be confused by Exhibits A-B.

31. Plaintiff had to spend time and money investigating Exhibits A-B.

32. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibits A-B.

33. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a

4

Case 2:17-cv-00001-NJ    Filed 01/01/17    Page 4 of 7    Document 1

cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

34. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

35. 15 U.S.C. § 1692e specifically prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. 15 U.S.C. § 1692e(10) specifically prohibits: "the use of any false representation or deceptive means to collect or attempt to collect any debt…."

37. Americollect violated 15 U.S.C. § 1692e, and 1692e(10).

5

## CLASS ALLEGATIONS

38. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form(s) represented by Exhibit A to the complaint in this action and subsequently sent a collection letter in the form represented by Exhibit B to the complaint in this action within the 30-day validation period, (c) seeking to collect a debt for personal, family or household purposes, (d) between the dates of January 1, 2016 and January 1, 2017, inclusive, (e) that was not returned by the postal service.

39. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

40. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibits A and B violate the FDCPA.

41. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

42. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

43. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

44. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: January 1, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com